RUTH SCHAI, by WILLIAM SCHAI, Her Guardian ad Litem, Appellant, v. RALPH DAVIDSON, Respondent.—Action by guardian *ad litem* to recover damages for personal injuries sustained by infant plaintiff as the result of being struck by an automobile owned by defendant and driven by another with the owner's consent. Order of the County Court of Westchester county in so far as it affirms a judgment of the City Court of New Rochelle dismissing the complaint as to this plaintiff

and an order of said City Court denying a motion to set aside the verdict and for a new trial, and the judgments entered in said City Court, reversed on the law and the facts and in the interest of justice and a new trial ordered in the City Court, costs to appellant to abide the event. The complaint alleges and the infant plaintiff persistently testified that she was struck by defendant's car while walking on the grass wing of the highway and not on its paved surface. The night was very dark; plaintiff was walking with traffic; defendant's car came on behind her and ran her down. The evidence is overwhelming that at the moment when struck plaintiff was on the paved portion of the roadway, well to the right, and not on its grass shoulder. The lights on defendant's car were defective, showing the road ahead but a limited distance; due thereto, the driver did not see plaintiff until almost upon her and he gave plaintiff no warning of the car's approach. The car's brakes also were defective. The infant's erroneous notion of the precise part of the highway upon which she was walking at the moment when struck did not, under the circumstances shown, absolve defendant of the duty to exercise due care. A new trial should be had in the interest of justice. Plaintiff will move as she may be advised. Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., dissents and votes to affirm on the ground that the court did not err in charging the jury that plaintiff could not recover if the accident happened on the paved highway and not on the adjoining grass plot. The court presented the case to the jury in accord with plaintiff's claim. More she could not ask. To invite a shift in theory opens the door to reckless swearing. Tompkins, J., dissents and votes to affirm, with the following memorandum: The plaintiff and her witness Levene testified that at the time of the accident they were walking " on the grass " in an easterly direction on their right-hand side of Beechmont drive and about four or four and a half feet " in from the curb on the grass." This testimony was repeated several times by the plaintiff and her witness and they never testified that they were at any time on the roadway. That was the plaintiff's theory of the accident as alleged in the complaint and as testified to by her and her companion, Levene. Plaintiff was not entitled to recover if she was upon the traveled roadway at the time of the accident; hence, the charge of the court at folios 330 and 331 was proper.